UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRANCO,<br><br>                             Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                            Defendant. | Case No.: 15-cv-2752-BTM-WVG<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF No. 25]** |

Pending before the Court is Plaintiff John Franco's motion for attorney's fees pursuant to 42 U.S.C. § 405(g). (ECF No. 25.) For the reasons set forth below, the Court grants the motion.

## **BACKGROUND**

On December 8, 2015, pursuant to 42 U.S.C. § 405(g) and 1383(c), Plaintiff filed this action seeking review of the final decision by the Acting Commissioner of Social Security (the Commissioner) to deny his social security benefits. (ECF No. 1.)

On February 13, 2017, the Court granted Plaintiff's Motion for Summary Judgment, denied Defendant's Motion for Summary Judgment, and remanded

this action for further administrative proceedings. (ECF No. 19.) The Court also granted attorney's fees under the EAJA in the amount of $2,800. (ECF No. 24.)

On remand, the Administrative Law Judge (ALJ) found Plaintiff disabled as of August 16, 2016, and the Commissioner awarded Plaintiff $36,622 in past-due benefits.[1] (ECF No. 25-3.)

Plaintiff's counsel, Marc V. Kalagian, requests compensation for a total of 16.7 hours before this Court. Under a contingent-fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits award, which in this case would be $9,155.50. Counsel now seeks $9,000 under 42 U.S.C. § 406(b), which provides for a 25% cap on fees an attorney may charge a Social Security claimant for representation in federal court under a contingent-fee motion. See 42 U.S.C. § 406(b)(1)(A).

## **DISCUSSION**

This Court determines the reasonableness of the requested fees pursuant to 42 U.S.C. § 406(b)(1)(A), which provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A)

The Ninth Circuit and United States Supreme Court permit district courts to reduce requested fee awards if the attorney's fees are not in proportion to time spent on the case, so long as the Court respects the contingent nature of the representation and uses the lodestar as an aid rather than a starting point in ascertaining reasonableness. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th

---

[1] The award letter did not provide a cumulative total of past-due benefits, but rather indicated benefits due for various periods. Based on the indicated 25% withheld for potential payment of attorney's fees, $36,622 is the estimated total of Plaintiff's past due benefits.

Cir. 2009) (en banc) ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case.") (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

The Court concludes the requested fee of $9,000 would not be a windfall. None of the *Gisbrecht* factors weigh in favor of a reduction, and counsel requested 24.6% of past-due-benefits, which falls below the 25% statutory cap. The Court further concludes that the requested $9,000 fee is reasonable as compensation for the risk borne by contingency fee attorneys in social security cases. *See Crawford*, 586 F.3d at 1152 (noting that contingency fees in part compensate for "the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases").

## **CONCLUSION**

The Court **GRANTS** the motion for attorney's fees (ECF No. 25). The Court awards attorney's fees to Marc V. Kalagian in the amount of $9,000. Upon receipt of the $9,000, counsel is ordered to reimburse Plaintiff $2,800, the amount paid by the government under the EAJA.

**IT IS SO ORDERED.**

Dated: June 20, 2019

Honorable Barry Ted Moskowitz
United States District Judge